IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,        )
                                 )
                    Plaintiff,   )
                                 )
        vs.                      )        No. CR-19-05-C
                                 )
KATHY INGRAM,                    )
                                 )
                    Defendant.   )

ORDER

Defendant has submitted a letter requesting appointment of counsel to assist her in filing a Compassionate Release Motion Under 18 U.S.C. 3582.  Therein Defendant notes she qualifies for relief but is unable to represent herself.

"There is no constitutional right to counsel beyond the direct appeal of a criminal conviction[.]"  Coronado v. Ward, 517 F.3d 1212, 1218 (10th Cir. 2008); see also United States v. Campos, 630 F. App'x 813, 816 (10th Cir. 2015) ("No right to counsel extends to a § 3582(c)(2) motion.").  When exercising its "broad discretion" to decide whether to appoint counsel to an indigent litigant, the district court "should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."  Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991).

Defendant has failed to demonstrate that she is unable to present her claims or that the legal complexity of her case requires the assistance of counsel.  Further, as Defendant has not filed a Motion for Compassionate Release, the Court is unable to assess the merits

of her claims.  Accordingly, Defendant has failed to offer any evidence on which the Court can evaluate the <u>Williams</u> factors.

For the reasons set forth herein, Defendant's letter construed as a Motion (Dkt. No. 35) is DENIED.

IT IS SO ORDERED this 4th day of February, 2021.

ROBIN J. CAUTHRON
United States District Judge