IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CR-19-05-C |
| | ) | |
| KATHY LYNN INGRAM, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Defendant has filed a Motion seeking early compassionate release. In support, Defendant argues that she suffers from obesity, insulin dependence, high cholesterol, and mental health issues. Defendant asserts that these conditions increase her risk of complication should she contract COVID-19. Plaintiff has filed a Response to the Motion and the matter is now at issue.

18 U.S.C. § 3582(c)(1)(A) imposes three criteria to be considered when addressing a request for compassionate relief: (1) filing requirements; (2) extraordinary and compelling reasons; and (3) that the reduction is consistent with the 18 U.S.C. § 3553 factors. Plaintiff disputes that Defendant has met the required step of exhausting administrative remedies, noting that she failed to properly complete her request to the BOP. However, in this instance the exhaustion requirement is not a jurisdictional prerequisite but a claims processing rule. See United States v. Franco, 973 F.3d 465, 467-68 (5th Cir. 2020), cert. denied, ___ U.S. ___, 141 S.Ct 920 (2020). Thus, the Court is not required to

resolve the adequacy of Defendant's request before having jurisdiction to consider the remainder of Defendant's Motion.

Considering the second criteria – extraordinary and compelling reasons, the Court finds Defendant has offered no evidence that sufficient reason exists for compassionate release. As Plaintiff notes, Defendant's medical records indicate that she has received both doses of the COVID-19 vaccines. Thus, the Court finds that Defendant cannot demonstrate a substantial risk of infection from COVID-19 and so cannot demonstrate extraordinary and compelling reasons. Thus, Defendant's request fails the second step.

Finally, consideration of the 18 U.S.C. § 3553(a) factors demonstrates that Defendant is not entitled to relief. As Plaintiff notes, Defendant's sentence was reduced well below the guideline range based in part on the health conditions she relies on in this Motion. 18 U.S.C. § 3553(a)(2)(A), states: "the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[.]" When considering this factor, the Court finds that the nature of Defendant's criminal conduct leading to her incarceration does not demonstrate that any further reduction in her sentence to permit early release is warranted. Rather, completion of the sentence currently imposed is necessary to meet this sentencing goal. As Plaintiff notes, completion of the current period of incarceration is necessary to permit Plaintiff to complete the rehabilitation programs she is currently attending. The Court finds that consideration of the § 3553(a) factors weigh against compassionate release.

For the reasons set forth herein, Defendant's Motion for Compassionate Release Pursuant to the First Step Act of 2018, 18 U.S.C. 3582(c)(1)(A) (Dkt. No. 37), is DENIED.

IT IS SO ORDERED this 4th day of June 2021.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge